Jeffrey A. Long OSB 862350
Marc E. Dann Ohio #0039424 Pro Hac Admission Pending
Oregon Consumer Law Center
4040 SW Douglas Way
Lake Oswego, OR 97035
Phone: (503) 635-7773
Fax: (503) 822-6727
Email: jeff@oregonconsumerlawcenter.com;
       notices@oregonconsumerlawcenter.com
       *Counsel for Plaintiff Rita Miller*

U.S. District Court
for the District of Oregon
Eugene Division

| | |
|---|---|
| **RITA MILLER** | Case No. |
| c/o Oregon Consumer Law Center | |
| 4040 SW Douglas Way | |
| Lake Oswego, OR 97035 | **COMPLAINT FOR MONEY** |
| | TILA and RESPA violations (12 U.S.C. § 2601 and 15 U.S.C. § 1601); |
| Plaintiff, | FDCPA violations (15 U.S.C. § 1962); and supplemental state law contract and tort claims |
| v. | |
| **SETERUS, Inc.** | |
| 14523 SW Millikan Way, #200 | **DEMAND FOR JURY TRIAL** |
| Beaverton, OR 97005 | |
| Defendant. | |

PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law No. 111-203, 124 Stat. 1376 (2010) ("DFA") and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau ("CFPB"). This is also an action for actual and statutory damages filed by the Plaintiff

for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA").

2. This action is filed to enforce the Regulations published in 12 CFR §§ 1024 and 1026 including, as applicable, amendments that became effective on January 10, 2014. Specifically, 12 CFR §§ 1024.21, 1024.35, 1024.36, 1026.20, and 1026.41.

3. The regulations as they existed prior to the January 10, 2014 amendments apply to the claim under 12 CFR § 1024.21 for failure to properly and timely notice transfer of servicing rights.

4. This is also an action brought by the consumer Plaintiff for money damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*, which prohibits abusive, deceptive and unfair debt collection practices and other tort claims.

5. This is also an action brought by the Plaintiff to recover damages for breach of contract and the implied covenant of good faith and fair dealing in the trust deed and promissory note, as well as an action for tortious violation of the covenant of good faith and fair dealing.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Rita Miller ("Plaintiff") is the owner of residential real property, located at and commonly known as, 652 Michigan Avenue NE, Brandon, Oregon (the "Property").

7. On or about April 10, 2008 both the Plaintiff and her deceased husband, Robert Lawson, signed the Deed of Trust, while Robert Lawson, only, signed the Note comprising which documents comprise the mortgage loan on the Property.

8. Defendant Seterus, Inc. ("Defendant") is a federally-regulated mortgage servicer incorporated under the laws of the State of Delaware with its principal place of business believed to be in Beaverton, Oregon. Defendant, among other things, provides servicing duties and miscellaneous administration for Plaintiff's Loan. Defendant is believed to be the current servicer of Plaintiff's loan.

9. At all times relevant herein, the Defendant serviced Plaintiff's Mortgage Loan was responsible to process Plaintiffs' loss mitigation applications and honor its owner agreements for mortgage relief options, all as anticipated by 12 U.S.C. §§2601, et seq. and the Regulations promulgated thereunder.

10. Defendant is a "debt collector" under the Fair Debt Collection Practices Act (FDCPA) because Defendant accepted the servicing on Plaintiff's Loan in June of 2013, after the Loan was in default.

11. Defendant is the servicer of the Plaintiff's Note and Deed of Trust on the property (collectively referred to hereinafter as the "Loan") on behalf of Federal National Mortgage Association ("Fannie Mae"). Fannie Mae is believed to be the owner of Plaintiff's Loan.

12. The Plaintiff's Loan is a "federally related mortgage loan" as that term is defined by 12 C.F.R. §1024.2(b), and subject the above cited regulations.

13. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action

arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601, *et seq.* (RESPA). This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §§1024.1, *et seq.* of Regulation X.

14. This Court also has jurisdiction under 15 U.S.C. §1692k(d) of the Fair Debt Collection Practices Act (FDCPA).

15. This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. §1367.

16. Venue lies in this District pursuant to 28 U.S.C. §1391(b), as Plaintiff resides and the Property is located in, Coos County, Oregon, in the District of Oregon.

## FACTUAL ALLEGATIONS

17. Beginning on or about July 2nd, 2014 and ending in January 2015, the Plaintiff and Fannie Mae negotiated and entered into as of January 2015 a "Consent to Transfer and Non-Recourse Assumption Agreement," (hereinafter "Assumption Agreement") which provided *inter alia* for Rita Miller to succeed her husband as the legal "Transferee" on the Note signed by her deceased spouse, Robert Lawson.

18. On or about November 14th, 2014 the Defendant offered the Plaintiff a loan modification. A copy of the loan modification executed by the Plaintiff is attached as Exhibit 3 to this Complaint. Pursuant to the loan modification, the terms of the mortgage was set to change as follows:

- As of December 1st, 2014, the unpaid principal balance under the Note and Deed of Trust would be $177,176.10;

- The interest rate would reduce to 4.625% as of November 1st, 2014;

- The monthly principal and interest payment would be $810.81 as of December 1st, 2014; and

- There would be an escrow account established with a required payment of $196.40 as of December 1st, 2014 to the Defendant in addition to the $810.81 principal and interest payment. (or $1,007.21 monthly)

19. Since December 2014 the Plaintiff has made each and every monthly payment to the Defendant under the terms of the modification.

20. As indicated above the Plaintiff and the owner of the loan executed a loan assumption agreement in January 2015 in which the Plaintiff, not her deceased husband, was the liable party on the Note and Deed of Trust.

21. Despite the execution of the assumption agreement the Defendant has failed to properly credit any payments tendered by the Plaintiff since December 2014.

22. From December 2014 through October 2015 the Defendant continued to send incorrect periodic billing statements to the Plaintiff which not only showed unapplied payments but also incorrectly designated Mr. Lawson, Plaintiff's deceased spouse, as the borrower.

23. Since the end of 2014 the Plaintiff had continued to engage Plaintiff's counsel to try and ascertain the status of the account. To that end Plaintiff, through retained counsel, sent out a series of Request for Information in early September 2016.

24. On or about September 23rd, 2016 Seterus sent a response to a Request for Information sent by Plaintiff's Counsel. Seterus's response, which is attached as Exhibit 1, references the tortured history of the assumption agreement. Seterus's reply is that "We received a request for an Assumption on April 28th, 2014. An offer for an Assumption Trial Period Plan was sent dated June 26th, 2014. A copy of the Consent to Transfer and Non-Recourse Assumption Agreement (Agreement) was sent to your attention on December 10th, 2014. On April 13th, 2015 only one copy of the Agreement was returned..... On May 7th, 2015 we received both copies of the Agreement.....As we received the required fiduciary documents, the assumption modification was completed on November 20th, 2015 and the loan was brought current.

25. This response by Seterus accounts for all payments since the commencement of the trial period plan through November 2015.

26. In addition to these issues the Plaintiff has also had an on-going issue since Mr. Lawson's passing of being able to make payments online.

27. On September 12th, 2016 the Plaintiff, through authorized counsel, sent a Notice of Error to the Defendant attached as Exhibit 2 which specifically notified the Defendant that the Plaintiff has sent 20 payments (December 1st, 2014 through September 1st, 2016 payments) via certified mail as the Defendant has refused payment via electronic or regular mail. The Plaintiff requested a life of loan transaction history to ensure these 20 payments were accounted for.

28. In Seterus's same response, Exhibit 1, Seterus also responded to this Notice of Error when it states "our records indicate that there is an active username and password associated with the loan. The last time the account was accessed was on July 3rd, 2013..." *Exhibit 1* at p. 2

29. The Plaintiff has reviewed these responses with counsel. At this time the Plaintiff still is at a loss to understand Defendant's conduct having any justification since 2014 which has caused the Plaintiff extreme and continuous stress, worrying about losing her home in another foreclosure action and spending additional funds every month to have to make a mortgage payment in an extreme and unusual way.

30. Plaintiff has been forced to incur additional attorney fees in an effort to get Seterus to explain the lengthy and unreasonably delay in honoring the Assumption and Loan Modification Agreements; the Plaintiff has wrongfully been charged for additional, possibly illegal and unnecessary fees on her loan which based on Exhibit 1 there is no reasonably belief to believe they have been reversed; the Plaintiff has had to spend additional funds since December 1st, 2014 to send her payments via certified mail, and Seterus has caused the Plaintiff great financial damage, humiliation, suffering, physical stress and emotional distress, continuing damage to her credit standing, and forced Plaintiff to incur attorneys' fees, all of which will appear more fully below.

31. At the time of the filing of this Complaint, Seterus has had more than One Thousand Five Hundred Thirty (1,530) consumer complaints lodged against them nationally, specifically concerning the issue identified on the CFPB's consumer

complaint database as "loan servicing, payments, escrow accounts" related to mortgages and more than One Thousand Three Seventy Fifty (1,370) consumer complaints lodged against them nationally, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database which can be located at the following hyperlink: (http://www.consumerfinance.gov/complaintdatabase/).

## COUNT ONE
## (TILA)

32. The Plaintiff, through counsel, sent Request for Information #1 ("RFI #1") to Seterus at their designated address via certified U.S. Mail [return receipt 7015 3010 0002 3217 4202]. See Exhibit 4.

33. RFI #1 contained a request pursuant to 12 C.F.R. 1026.36(c)(3) for a payoff of the mortgage loan.

34. RFI #1 was received by the Defendant on August 15th, 2016. See Exhibit 5.

35. 12 C.F.R. §1026.36 requires that the payoff statement be received by the Plaintiff no more than seven (7) business days from the date of receipt of the request.

36. Seven (7) business days from August 15th, 2016 was August 24th, 2016.

37. Based on Exhibit 1, the Defendant provided a payoff statement to the Plaintiff on or about September 26th, 2016.

38. September 26th, 2016 is more than seven (7) business days from August 15th, 2016.

39. At no time between August 15th, 2016 and September 26th, 2016 did the Defendant request an extension to provide the payoff.

40. Seterus's actions in failing to provide a timely response to RFI #1 in compliance with 12 C.F.R. 1026.36 constitute a willful violation of such statutory provision.

41. Seterus's actions and failures, together with the failures and actions noted in Paragraphs 1 through 30 and more fully contained herein, constitute a pattern and practice of behavior in conscious disregard for Plaintiff's rights under RESPA.

42. As a result of Seterus's actions, the Plaintiff incurred actual damages in increased attorney fees and mailing costs for having to assert Plaintiff's rights.

43. As a result of Seterus's actions, Seterus is liable to the Plaintiff for actual damages, statutory damages of $4,000.00, costs, and Plaintiff's Attorney's fees.

## COUNT TWO
### (Violation of 12 C.F.R. § 1024.35(e) – Failure to Properly Respond to a Notice of Error issued pursuant to 12 C.F.R. § 1024.35)

44. On or about September 12th, 2016, the Plaintiff, through Counsel, sent Notice of Error #1 ("NOE #1") to Seterus at their designated address via certified US Mail [7015 3010 0002 3217 4295]. See Exhibit 2.

45. NOE #1 constituted a notice of error pursuant to 12 C.F.R. 1024.35 as it alleged that Seterus had committed twenty (20) separate and distinct errors in the servicing of the loan. *See Exhibit 2* at p. 2.

46. Seterus received NOE#1 on September 15th, 2016. See Exhibit 6.

47. NOE #1 alleged that Seterus had committed twenty (20) separate and distinct errors pursuant to 12 C.F.R. 1024.35(b)(1) by requiring the Plaintiff to send in her payments via certified mail since December 1st, 2014.

48. As NOE#1 alleged errors in the servicing of the Loan pursuant to 12 C.F.R. 1024.35(b)(1), Seterus was required pursuant to 12 C.F.R. 1024.35(e)(3)(i)(C) on or before October 15th, 2016.

49. On or about September 26th, 2016 Seterus sent Response #1. See Exhibit 1.

50. Response #1 directly addressed RFI #1 and appears to have been intended to serve as a response to NOE #1.

51. Seterus did not send nor did the Plaintiff or her Counsel receive any other correspondence consisting of a substantive response to NOE #1 other than Response #1.

52. Seterus did not send nor did the Plaintiff nor Counsel receive any other correspondence requesting an extension of time to response to NOE #1 pursuant to 12 C.F.R. 1024(e)(3)(ii).

53. Response #1 did not contain any "written notification of the correction, the effective date of the correction, and contact information, and contact information, including a phone number for further assistance" as required by 12 C.F.R. 1024.35(e)(1)(A). See Exhibit 1.

54. Response #1 was insufficient in form and substance in response to NOE #1 so as to comply with 12 C.F.R. 1024.35(e)(1)(A).

55. Response #1 did not contact a statement that "the servicer has determined no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relief upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance." *See Exhibit 1*.

56. Response #1 was insufficient in form and substance in responding to NOE #1 so as to comply with 12 C.F.R. 1024.35(e)(1)(B).

57. Had Seterus done any cursory investigation in response to NOE#1, Seterus would have been able to find that the online account had been accessed almost monthly since July 2013 and that the "User ID" had been blocked.

58. Had Seterus done any cursory investigation in response to NOE #1, Seterus would have been able to find no language in the Mortgage or Assumption agreement that expressly prohibited the borrower from making payments by ordinary mail or electronic means.

59. Seterus's actions in failing to provide a coherent response to NOE #1 in compliance with either 12 C.F.R. 1024.35(e)(1)(A) or 12 C.F.R. 1024.35(e)(1)(B) constitute a willful violation of 12 C.F.R. 1024.35.

60. Seterus's actions and failures together with the failures and actions noted herein constitute a pattern and practice of behavior in conscious disregard for Plaintiff's rights under RESPA.

61. As a result of Seterus's action and failures, the Plaintiff incurred actual damages in increased attorney fees and mailing costs for having to assert the Plaintiff's rights in reply to Seterus's failure.

62. Also as a result of Seterus's actions, Seterus is liable to the Plaintiff for actual damages, twenty (20) different statutory damages, costs and attorneys' fees.

### COUNT THREE
**(Violation of 12 C.F.R. 1024.35(d) – Failure to Send Written Acknowledgment of a Servicer's Receipt of a Notice of Error Issued pursuant to 12 C.F.R. 1024.35)**

63. The Plaintiff restates and incorporates herein all allegations contained in Paragraphs 43 through 48 as if fully rewritten herein.

64. As stated above NOE#1 was sent on September 12th, 2016. *See Exhibit 5.*

65. As stated above NOE #1 was received by Seterus on September 15th, 2016. *See Exhibit 5.*

66. Pursuant to 12 C.F.R. 1024.35(d), Seterus was required to send a written response to the Plaintiff acknowledging receipt of NOE #1 on or before September 27th, 2016.

67. Neither the Plaintiff nor Counsel received any written response from Seterus acknowledging receipt of NOE #1 on or before September 27th, 2016.

68. Exhibit 1 was sent by Seterus to Plaintiff, through Counsel.

69. Exhibit 1 does not contain any explicit language acknowledging receipt of NOE #1.

70. Exhibit 1 at best appears to address, albeit very briefly, the issues contained in NOE #1.

71. Seterus did not send any written response to the Plaintiff nor Counsel acknowledging receipt of NOE #1 on or before September 27th, 2016.

72. Seterus to this day has not sent a written response to the Plaintiff nor Counsel acknowledging receipt of NOE #1.

73. Seterus's actions in failing to provide a written response to Plaintiff acknowledging receipt of NOE #1 on or before September 27th, 2016 constitute a willful violation of 12 C.F.R. 1024.35(d).

74. Seterus's actions and failures, together with the failures and actions noted in Paragraphs 1 through 72, constitute a pattern and practice of behavior in conscious disregard for the Plaintiff's rights under RESPA.

75. As a result of Seterus's actions and failures, the Plaintiff incurred actual damages in the increased attorney fees and mailing costs for having to assert the Plaintiff's rights in reply to Seterus's failure.

76. Also as a result of Seterus's actions and failures, Seterus is liable to the Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## COUNT FOUR
### (Violation of FDCPA – 15 USC 1692(k)
### Unconscionable means to attempt to collect a debt)

77. The Plaintiff restates and incorporates all of her statements and allegations contained in Paragraphs 1 through 30, in their entirety, as if fully rewritten herein.

78. Seterus began servicing this loan at a time when the loan was in default.

79. Seterus took actions described, *supra*, in an attempt to collect a debt represented by the Loan.

80. Seterus repeatedly violated 15 U.S.C. 1692(d) and (f) by restricting, without explanation, the Plaintiff's ability to remit at least twenty (20) mortgage payments from December 1st, 2014 to the present to Seterus by inexplicably denying her the ability to use her online account.

81. Seterus's response contained in Exhibit 1 was made at a time when Seterus could have investigated, but blatantly failed to do so, the ability of the Plaintiff to use an online account to make payments.

82. As pled, *supra,* the Plaintiff has been harmed by, and continues to suffer harm from the unfair and deceptive practices of Seterus in forcing the Plaintiff to make her payments monthly via certified US Mail and failure to respond coherently to NOE #1 with a contractual reason why the Plaintiff must make her payments via certified mail which further effectuates their wrongdoing.

83. The Plaintiff was compelled to retain counsel to enforce the Assumption agreement, send RFI #1, NOE #1 and review Response #1 and once the Plaintiff had exercised all reasonable options at her disposal, the filing of this instant proceeding.

84. To date Seterus has never provided the contractual language that requires the Plaintiff to make her payments via certified means.  This conduct in requiring certified payments has caused the Plaintiff to suffer continued unnecessary financial stress and great emotional distress driven by the fear and anxiety of knowing every month she must take the extraordinary step of sending her payment certified.

85. Seterus's conduct, as pled, *supra* is outrageous, willful, wanton, and shows a reckless on-going disregard for the Plaintiff's rights.

86. Seterus's conduct has violated the FDCPA.  The Plaintiff is therefore entitled to receive actual damages, statutory damages for the twenty (20) payments made, costs and attorney's fees.

## COUNT FIVE
## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

87. The Plaintiff restates and incorporates all of the preceding paragraphs as if fully rewritten herein.

88. The Plaintiff and Seterus have a binding contractual relationship as Seterus is admittedly the servicer of Plaintiff's Loan on behalf of Fannie Mae.

89. All contracts in Oregon contain an implied obligation of good faith and fair dealing to protect the objectively reasonable contractual expectations of the parties.

90. Seterus's ongoing, willful, and intentional failure to provide the contractual language that requires the Plaintiff to make payments under the Loan via certified mail or alternatively the on-going requirement to make the Plaintiff make timely contractual loan payments via certified mail are a blatant violation of Seterus's obligation of good faith and fair dealing.

91. Seterus's breach actually and proximately resulted in the Plaintiff suffering actual economic damages including but no limited to the certified mailing costs that the Plaintiff has incurred every month since December 1st, 2014, attorney fees for the Plaintiff's attorneys and costs related thereto including communication with the servicer in an effort to get information related to the loan.

92. The Plaintiff is entitled to reasonable attorney fees and costs due to the necessity of having to enforce the terms of the Note and Deed of Trust against Seterus.

## COUNT SIX
## (TORTIOUS BREACH OF CONVENT OF GOOD FAITH AND FAIR DEALING)

93. The Plaintiff restates and incorporates herein all of the statements and allegations in the preceding paragraphs in their entirety as if full rewritten.

94. Seterus's actions and failures to provide information in compliance with applicable federal laws and the terms of the Note and Deed of Trust constitute at best negligence and at worst, based upon belief, intentional bad faith.

95. Seterus is subject to a standard of care independent of its obligations under the Note and Deed of Trust through its role as a servicer under the Note and Deed of Trust including compliance with statutory and regulatory provisions applicable to Seterus's role as servicer.

96. Seterus's actions and failures including the failure to provide periodic billing statements since December 1st, 2015, requiring the Plaintiff to pay all monthly mortgage payments since December 1st, 2014 by certified mail, blatantly providing a non-responsive answer in Response #1 represent such a gross failure of its obligations of good faith that it is grossly negligent at best and likely intentionally acting in bad faith to not give the Plaintiff her rights under the Note, Deed or Trust, and applicable laws that she is entitled to as a consumer borrower.

97. Seterus's violations of its obligations to the Plaintiff caused actual economic damages in the nature and extent as previously alleged herein.

98. Seterus's actions and violations of its obligations to the Plaintiff caused actual damages in the form of the economic cost of having to utilize certified mail since December 2014 and the non-economic damage in the form of the continued and exacerbated emotional distress.

99. Seterus's actions and tortious violations showed such a persistent and intentional disregard for its legal obligations to the Plaintiff so as to warrant punitive damages.

### COUNT SEVEN
### (VIOLATION OF OREGON UNLAWFUL TRADE PRACTICES ACT – ORS 646.608(1)(i) and OAR 137-020-0805(5))

100. The Plaintiff restates and incorporates all of her statements and allegations contained herein.

101. The Plaintiff is an individual who is obligated to repay under a residential mortgage loan agreement such that she is a Borrower pursuant to OAR 137-020-0800 (1).

102. Seterus is a person engaging in the servicing of residential mortgage loan in Oregon such that it is a Mortgage Loan Servicer pursuant to OAR 137-020-0800 (3).

103. NOE #1 constitute Qualified Written Requests pursuant to 12 U.S.C. § 2605(e)(1)(B).

104. Seterus was required to conduct an investigation of the Plaintiff's account and alleged errors pursuant to 12 U.S.C § 2605(e)(2)(B) & (C).

105. Seterus's failure to provide a response to each of NOE #1-4 constituted distinct and separate violations of 12 U.S.C § 2605(e)(2), which constituted violations of Oregon's Unlawful Business and Trade Practices Statute, ORS § 646.608.

106. Seterus's action caused the Plaintiff to incur actual damages in the form of additional attorneys' fees and mailing costs for having to assert the Plaintiff's rights in reply to Seterus's failure. Also as a result of Seterus's actions and failures, Seterus is liable to the Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

### COUNT EIGHT
### (VIOLATIONS OF OREGON UNLAWFUL TRADE PRACTICES ACT ORS 646.608(1)(u) and OAR 137-020-0805(5)

107. The Plaintiff restates and incorporates all of her statements and allegations contained herein.

108.   NOE #1 constituted a Qualified Written Request pursuant to 12 U.S.C. § 2605(e)(1)(B).

109.   Seterus's failure to acknowledge NOE #1 constituted a distinct and separate violation of 12 U.S.C § 2605(e)(1)(A), which constituted a violation of Oregon's Unlawful Business and Trade Practices Statute, ORS § 646.608.

110.   The Plaintiff incurred actual damages in the form of additional attorneys' fees and mailing costs for having to assert the Plaintiff's rights in reply to Seterus's failure.

111.   Also as a result of Seterus's actions and failures, Seterus is also liable to the Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Rita Miller having set forth her claims against Defendant Seterus, Inc. respectfully requests this Court enter an Order granting Judgment for the following:

A)   For actual damages, costs, and reasonable attorney's fees for violations contained in all Claims for Relief;

B)   For statutory damages in the amount of Four Thousand Dollars ($4,000.00) as the violation contained in the First Claim for Relief;

C)   For a finding of pattern and practice for the violations contained in the Second, Third and Fourth Claim for Relief;

D)   For statutory damages in the amount of Two Thousand Dollars ($2,000.00) for each of the twenty (20) violations contained in the Second Claim for Relief;

E)   For statutory damages in the amount of Two Thousand Dollars ($2,000.00) for the violation contained in the Third Claim for Relief;

F)   For statutory damages in the amount of One Thousand Dollars ($1,000.00) for each of the twenty (20) violations contained in the Fourth Claim for Relief;

G)   For statutory damages of Two Hundred Dollars ($200.00) for each of the violations contained in the Seventh and Eighth Claims for Relief;

H)   For punitive damages as alleged in the Sixth Claim for Relief; and

I)   For such other relief which this Court may deem just and appropriate.

      Respectfully submitted,
**OREGON CONSUMER LAW CENTER**

*/s/ Jeffrey A. Long*
Jeffrey A. Long, OSB No. 862350
4040 SW Douglas Way
Lake Oswego, OR 97035
Telephone: (503) 635-7773
Fax: (503) 822-6727
jefflonglawyer@gmail.com


*/s/Marc E. Dann*
Marc E. Dann, Ohio Reg. #0039425
The Dann Law Firm Co., LPA
PO Box 6031040
Cleveland, OH 44103
216-373-0539
216-373-0536 – fax
notices@dannlaw.com
*Application for Pro Hac Vice Pending*


## JURY DEMAND

The Plaintiff hereby requests a trial by jury on all issues with the maximum number of jurors permitted by law.

      */s/ Jeffrey A. Long*
      Jeffrey A. Long, OSB No. 862350